IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALEJANDRO RAMON RAMIREZ SARATE,

Petitioner,

v.                                                                 No. 2:26-cv-00463-KG-SCY

PAMELA BONDI, et al.,

Respondents.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Alejandro Ramon Ramirez Sarate's Motion to Enforce Judgment, Doc. 11, and the Government's Response in Opposition, Doc. 12.  Mr. Ramirez Sarate contends that the bond hearing held after the Court's prior order, Doc. 10, did not comply with the due process requirements set forth in that order.  After reviewing the parties' submissions and the final bond determination, the Court denies the motion to enforce.

### I.      Background

Mr. Ramirez Sarate, a citizen of Venezuela, entered the United States in 2023 through a port of entry on an "I-94 obtained via the CBP One application" and was "paroled into the interior." Doc. 1 at 2, 9.  In July 2025, an immigration court "administratively closed" his case because "he is married to a U.S. citizen with a pending I-130 application, entered...on an I-94, and was seeking to adjust status once the I-130 petition was approved.  *Id.* at 10.  On January 8, 2026, Immigration and Customs Enforcement arrested Mr. Ramirez Sarate, and he remains detained at the Otero County Processing Center in New Mexico.  *Id.*

In granting Mr. Ramirez Sarate's habeas petition, this Court concluded that his detention without a bond hearing violated the INA and Fifth Amendment's Due Process Clause.  *See*

1

*generally* Doc. 10.  It ordered a bond hearing at which "the Government must justify Mr. Ramirez Sarate's detention by clear and convincing evidence."  Doc. 10 at 5.

An Immigration Judge ("IJ") presided over the hearing and found that: "applying the District Court's novel legal standard, the Court finds that the Department of Homeland Security has demonstrated that Respondent is a flight risk and has justified his continued detention by clear and convincing evidence."  Doc. 11 at 2.  Mr. Ramirez Sarate argues that "the IJ erred in its findings" because "DHS did not present evidence justifying detention."  *Id.* at 3.

## II.     Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III.    Analysis

The Court concludes that (A) it has jurisdiction to consider Mr. Ramirez Sarate's claim, and (B) the bond proceeding complied with this Court's prior order.

### A.      The Court has jurisdiction to consider Mr. Ramirez Sarate's motion.

Before reaching the merits, the Court must address the Government's argument that it lacks jurisdiction to consider Mr. Ramirez Sarate's claim.  *See Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (a federal court has an independent obligation to assure itself of subject matter jurisdiction).  Under 8 U.S.C. § 1226(e), "[t]he Attorney General's discretionary judgment regarding the application of" 8 U.S.C. § 1226 is "not...subject to review," and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien."  But § 1226(e) does not eliminate "habeas jurisdiction over constitutional claims or questions of law."  *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir.

2

2017); *see also Miranda v. Garland*, 34 F.4th 338, 351 (4th Cir. 2022) (same).  Accordingly, §1226(e) does not strip federal courts of jurisdiction to consider "constitutional challenge[s]" to the "procedures adopted by the Attorney General for all detention decisions under § 1226(a)." *Miranda*, 34 F.4th at 352; *see also Singh v. Holder,* 638 F.3d 1196, 1200–02 (9th Cir. 2011) (collecting cases and holding that § 1226(e) does not limit federal court's jurisdiction to review bond hearing determinations for constitutional claims or legal error).  This framework also reflects a district court's authority to ensure compliance with its own habeas orders.  *See Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 235–36 (W.D.N.Y. 2019) (stating that, when addressing a motion to enforce a prior order granting conditional habeas relief, "the Court is not reviewing a discretionary judgment of the IJ under § 1226," but "determining whether the order it issued...was followed").

Under these principles, the Court has jurisdiction to determine whether the IJ complied with the due process requirements here.  Mr. Ramirez Sarate does not challenge the immigration judge's discretionary weighing of the evidence or the ultimate bond determination.  Rather, he raises a constitutional claim that the immigration judge failed to follow the due process requirements set forth by this Court when denying bond.

### B.    The bond hearing comported with due process.

Nonetheless, Mr. Ramirez Sarate's bond hearing satisfied the due process requirements set forth in this Court's prior order.  Under ordinary circumstances, "the burden" at a § 1226 bond hearing "is on the noncitizen" to show that detention is unwarranted.  *Salazar v. Dedos*, 2025 WL 2676729, at *3 (D.N.M.).  In granting Mr. Ramirez Sarate's habeas petition, however, this Court held that due process required shifting that burden to the Government.  Doc. 10 at 5.  Nothing in the recording demonstrates that the IJ failed to apply that burden-shifting framework.  On the contrary, the IJ explicitly referenced this Court's directive in the final bond determination.  Doc. 11 at 2.  This

3

Court's jurisdiction does not extend to reweighing the IJ's bond determination once those procedures are followed.  Rather, a review of the bond determination is for the Board of Immigration Appeals.

## IV.    *Conclusion*

Mr. Ramirez Sarate's Motion to Enforce this Court's prior habeas order is denied.

IT IS SO ORDERED

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.